JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| AMAR SAEGH,<br><br>           Plaintiff,<br><br>   vs.<br><br>ADT LLC,<br><br>           Defendant. | Case No.: SACV 14-00216-CJC(DFMx)<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER** |

## I.   Introduction and Background

Plaintiff Amar Saegh filed this putative class action against Defendant ADT, LLC d/b/a ADT Security Systems, alleging causes action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*  (Dkt. No. 1 ["Compl."].)  Mr. Saegh, a resident of Orange County, California, alleges that in January 2014, he received automated phone calls from ADT to solicit his business, even though he had not entered into a business relationship with ADT or provided ADT his cellular telephone number. (Compl. ¶¶ 10–29.)  Mr. Saegh seeks to represent a nationwide class of individuals who

have received similar unsolicited automated phone calls from ADT.  (Compl. ¶¶ 30–31.)  ADT, whose Authorized Dealer Program and associated telemarketing compliance program is located in Aurora, Colorado, now seeks to transfer this action to the District of Colorado.  (*See* Dkt. No. 6 ["Mot. Transfer"] at 4.)  For the reasons stated herein, ADT's motion is **GRANTED**.[1]

## II.   Analysis

A district court has discretion to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Under this statute, the three general factors a court looks to are the convenience of the parties, the convenience of the witnesses, and the interests of justice.  Whether a transfer is appropriate requires an individualized consideration of the parties' and witnesses' private interests, as well as the public interests in litigating the case in a particular forum.  *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  In making such a determination, the Ninth Circuit has set forth eight more specific, permissive factors that a court might consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Jones,* 211 F.3d at 498–99.  The moving party bears the burden of demonstrating

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for April 14, 2014 at 1:30 p.m. is hereby vacated and off calendar.

that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (1979).

Here, it is undisputed that this action could have been filed in the District of Colorado. The District of Colorado has personal jurisdiction over ADT, and venue is proper in that district. Further, considering the *Jones* factors, the Court finds that ADT has also met its burden of showing that this case should be transferred to the District of Colorado.

Mr. Saegh is a California resident, but he seeks to represent a nationwide class in this action against ADT. The deference owed his choice of forum is therefore considerably diminished. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."); *see also Hoefer v. U.S. Dep't of Commerce*, No. C. 00-0918-VRW, 2000 WL 890862, at *2 (N.D. Cal. June 28, 2000) ("This case is a purported class action. The members of the purported class are numerous and are located throughout the nation. The plaintiffs' choice of forum, therefore, is not given substantial weight when determining whether a transfer of venue is proper."). The Court recognizes that some deference may still be owed Mr. Saegh's choice of forum given his and ADT's contacts with the state. *See Lou,* 834 F.2d at 739 (noting that even in a class action, "[i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendant's] contacts with the forum, including those relating to [plaintiff's] cause of action"). However, such deference, especially in light of the nature of Mr. Saegh's alleged class claims, as well as the other factors considered by the Court, does not overcome ADT's showing that transfer is appropriate.

Importantly, ADT represents, and Mr. Saegh does not appear to dispute, that the

vast majority of information, documents, and personnel relevant to Mr. Saegh's causes of action — that is, related to ADT's Dealer Program and associated telemarketing compliance program — are located in Aurora, Colorado.  (*See* Mot. Transfer at 3–5.)  As to relevant documents, Mr. Saegh asserts that "much of the information needed through trial may be obtained through written discovery, likely electronically, thus substantially minimizing any burden on Defendant and Defendant's potential witnesses." (Dkt. No. 9 ["Pl.'s Opp'n"] at 13.)  While electronic discovery may be available to help mitigate some of the inconvenience, it would certainly be significantly more convenient for the action to proceed, and trial to occur, where the majority of information related to it is located.

Moreover, the majority of relevant witnesses in this action appear to be located in Colorado.  ADT specifically notes eight witnesses, including two non-party witnesses, that reside in Colorado and will have information relevant to ADT's authorized dealer and telemarketing operations, information that is likely central to Plaintiff's proposed class claims.  (*See* Mot. Transfer at 5–6, 12–14.)  While the six employee witnesses identified by ADT should be able to appear regardless of whether the Court has subpoena power over them, *see FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993) ("[I]t is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily."), the same is not true of the non-employee witnesses who are not within the subpoena power of the Court.  *See* Fed. R. Civ. P. 45(c).  The same would not be true in the District of Colorado, which has subpoena power over the non-party witnesses.  *Id.*  On the other hand, Plaintiff has not identified any non-party witnesses whose testimony would be relevant to this action.[2]  Therefore, convenience to witnesses and ease of access to sources of proof strongly favor

---

[2] Plaintiff only makes a vague reference to an unidentified "TCPA consultant." (*See* Pl.'s Opp'n at 12–13.)  The ambiguity of Plaintiff's reference aside, it appears that the TCPA consultant would testify as an expert witness, and therefore, does not tip the convenience to witnesses factor in favor of Plaintiff.

transfer to the District of Colorado.

Finally, while ADT does generally appear to have significant contacts with the Central District of California, its contacts relevant to Plaintiff's cause of action appear to be more limited, especially in comparison with ADT's relevant contacts with the District of Colorado. While there is a dispute as to the total number of ADT Authorized Dealers in California, ADT notes that only ten of its California Authorized Dealers are authorized to engage in outbound telemarketing.[3] (Dkt. No. 10 ["Reply in Supp. Mot. Transfer"] at 5.) Moreover, as noted above, there does not appear to be any dispute that ADT's Authorized Dealer program is based in Colorado, and that the nature of ADT's agreements with its Authorized Dealers will significantly impact the outcome of Plaintiff's proposed class action.[4]

Considering the above, the Court finds that ADT has met its burden of showing that transfer is appropriate. The vast majority of information, documents, and witnesses —including non-party witnesses — relevant to Plaintiff's proposed class claims are found in the District of Colorado. The action should therefore proceed in that forum.

//
//
//
//
//

---

[3] The Court takes judicial notice of the fact that the phone number that is alleged to have made the unauthorized call to Plaintiff's cell phone emanated from outside the Central District of California and from outside California generally. (*See* Compl. ¶ 20 (citing that the phone call to Plaintiff emanated from a "206" area code).) This fact further highlights the relative importance of information related to ADT's telemarketing operations generally, which are based in Colorado, as compared to its relationship with any particular California Authorized Dealer.

[4] The Court finds inapplicable the factors of judicial economy and familiarity with governing law.

1 //
2 //
3 //

### III. Conclusion

For the foregoing reasons, ADT's motion to transfer venue to the District of Colorado is **GRANTED**.

DATED: April 9, 2014

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE